IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EARL W CALLOWAY,

      Petitioner,

v.                                                    CASE NO. 4:16-cv-221-WS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is proceeding

pursuant to an amended petition, ECF No. 11 (hereafter "Petition").  The

Petition stems from Petitioner's Wakulla County convictions of two counts

of controlled-substance offenses, for which Petitioner is serving concurrent

15-year sentences.  ECF No. 11.  The Respondent has filed a response in

opposition to the petition, together with relevant portions of the state-court

record.  ECF No. 18.  Although afforded an opportunity to do so, Petitioner

has not filed a reply.  Upon due consideration of the Petition, the response,

and the state-court record, the undersigned recommends that the Petition

be denied.[1]

_____

[1] Because the Court may resolve the Petition on the basis of the record, the Court has

# I. **State-Court Proceedings**

Petitioner was charged by information with one count of sale of a controlled substance (cocaine) and one count of possession of a controlled substance with intent to sell or deliver.  ECF No. 18-2 at 7.  A jury found Petitioner guilty as charged on both counts.  *Id.* at 39-40.  On January 14, 2010, Petitioner was sentenced on each count to 15 years of imprisonment, to run concurrently, with credit for time served.  *Id.* at 42-50.  Petitioner appealed, and the First DCA affirmed the conviction *per curiam*, without written opinion, on March 3, 2011.  ECF No. 18-9 at 2.

Petitioner filed several *pro se* motions for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  His final motion, filed on January 18, 2013, is the only postconviction motion that is relevant to resolution of the Petition.  *See* ECF No. 18-23 at 14-54.  Petitioner asserted seven claims of ineffective-assistance of trial counsel.  *Id.*  The state court ordered an evidentiary hearing on Petitioner's motion.  *Id.* at 94.

Petitioner was represented at the hearing by appointed counsel Robert A. Morris.  Petitioner testified that he was arrested in March 2009 for the two charged offenses.  Regional Conflict Counsel Darren Shippy

---

determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

was appointed to represent him shortly before the trial.  Petitioner testified that he met with Shippy two or three times prior to trial.  Shippy conveyed plea offers to Petitioner.  According to Petitioner, one offer was for a three-year term with three years of probation, and another offer was for five years.  Petitioner testified that he went to court to enter a plea, but Shippy told him that due to a felony battery charge that Petitioner incurred while in jail the plea offer had been taken off the table.  ECF No. 18-23 at 127-29.

Petitioner's first ineffective-assistance claim concerned Shippy's failure to object to or suppress an "inaudible" recording made by the confidential informant (CI) who was the primary witness against Petitioner. The CI testified at trial that the voice on the recording was Petitioner's, but Petitioner claimed that because it was hard to hear the recording his trial counsel should have sought to exclude it.  *Id.* at 130-32.  Petitioner conceded on cross-examination that Shippy did argue to the jury that the tape was unclear and "you couldn't really hear nothing".  *Id.* at 159-60.

Petitioner's second claim concerned Shippy's failure to seek dismissal of the charges based on the CI receiving a "contingency fee" from the prosecutor.  Until the CI testified at trial that she was being "paid to make arrests" and for her testimony, Petitioner was unaware that she was being paid.  Petitioner argued that Shippy should have investigated the CI

regarding the payments and her criminal history.  The CI testified at trial that she had 46 prior convictions for crimes of dishonesty.  Petitioner contended that counsel could have impeached the CI, who was the only person who could identify Petitioner as the person who sold her drugs. Petitioner suggested that Shippy could have moved to dismiss the charges due to the informant being paid.  *Id.* at 132-35.  On cross-examination, Petitioner conceded that Shippy elicited trial testimony from the CI that she was getting paid as a CI.  *Id.* at 161.

For his third claim, Petitioner argued that Shippy was ineffective for failing to file a motion for a bill of particulars.  This claim stems from the probable cause affidavit, which referred to a narcotics transaction conducted by the CI in "the month of November" in 2007 but also stated that the alleged sale of cocaine took place on December 4, 2007.  At trial, the prosecutor alleged that the transaction occurred on December 4, 2007, but the CI and a police officer testified that they did not know the date of the sale.  Petitioner testified that had the correct date been identified, he probably could have called an alibi witness.  He did not provide the names of witnesses to Shippy because he and Shippy never discussed the two different dates.  Petitioner also testified that he learned at trial that the alleged address of the sale was different from the address alleged in the

affidavit.  Petitioner believed that the address where the sale occurred could have been that of a "Mr. Banks", an individual that he later met in prison.  *Id.* at 136-41.  Petitioner agreed on cross-examination that Shippy questioned the trial witnesses about the date of the sale, and that the state proceeded at trial with the date of December 4, 2007.  *Id.* at 161.

Petitioner's fourth ineffective-assistance claim concerned counsel's failure to file certain motions.  First, Petitioner argued that counsel should have filed a motion in limine to preclude the CI from testifying, based on the CI's criminal record and her alleged admission that she lied on the recording of the transaction.  Second, Petitioner argued that Shippy should have filed a motion for continuance in order to depose the CI.  Third, Petitioner argued that counsel should have filed a motion for a *Richardson* hearing[1] because the state allegedly failed to timely identify the CI and provide the recording.  Petitioner did not learn of the CI's identity until a month prior to trial.  Petitioner testified that he believed this was a basis for dismissal of the charges.  Petitioner conceded that Shippy knew the CI because she was an informant in other cases that Shippy handled.

---

[1] "A Richardson hearing is held to determine whether the State committed a discovery violation in contravention of the Florida Rules of Criminal Procedure and, if so, whether the non-compliance resulted in prejudice to the defendant's ability to prepare for trial." *Cisneros v. McNeil,* No. 8:05-cv-762-T-27TGW, 2008 WL 1836368, at *5 (M.D. Fla. Apr. 23, 2008) (unpublished).

Petitioner contended that Shippy nevertheless could have obtained a continuance in order to investigate the CI. *Id.* at 142-48.

During cross-examination on his fourth claim, Petitioner agreed that Shippy had a month prior to trial to investigate the CI in order to prepare for cross-examining her, and that Shippy did cross-examine the CI about her prior convictions, the fact that she was paid, and her identification of Petitioner. *Id.* at 163

Petitioner's fifth claim concerned Shippy's alleged failure to request a jury instruction on the lesser-included offense of simple possession of cocaine on count two. Petitioner was unable to explain what facts would have allowed the jury to arrive at a simple possession verdict. *Id.* at 149-51. On cross-examination, Petitioner agreed that the defense strategy was based on creating reasonable doubt as to his identification and not on a claim of simple possession. *Id.* at 164-65.

For his sixth claim, Petitioner alleged that Shippy was ineffective for failing to object to prosecutorial misconduct based on statements about the evidence. As an example, Petitioner said that the prosecutor in closing argument observed that the CI had identified Petitioner in open court based on his "cat eyes" which were "unusually green". Petitioner conceded that the CI testified that she remembered him because of his green eyes.

Petitioner nevertheless contended that the prosecutor was "testifying as a witness" when he referred to the CI's testimony on identification. *Id.* at 151-54.

For his seventh and final claim, Petitioner alleged that Shippy was ineffective for failing to file a motion to suppress based on a claimed deficiency in the chain of custody of the cocaine that was purchased by the CI and turned over to police. Petitioner argued that the trial evidence was inconsistent regarding the number of pieces of crack and whether the crack was in a baggie. Originally, it was alleged that he sold .45 grams of crack cocaine but at trial the evidence showed that it was .4 grams. Petitioner alleged that something happened to the evidence and Shippy should have suppressed it. *Id.* at 154-55.

At the conclusion of the evidentiary hearing, the state court made detailed findings on each claim and denied relief. *Id.* at 173-77. Petitioner appealed, and the First DCA affirmed *per curiam* without written opinion on March 15, 2016. ECF No. 18-27 at 2.

Petitioner then filed the instant federal habeas corpus petition. Respondent concedes that the Petition is timely. ECF No. 18. Petitioner asserts the same seven claims of ineffective-assistance of trial counsel that he raised in his Rule 3.850 motion, as summarized above. ECF No. 11.

## II.  Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default,

or (2) that a fundamental miscarriage of justice would result if the claim were not considered.  *Id*.  at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## III.  Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different

conclusion in the first instance.'" *Burt v. Titlow, ___ U.S. ___,* 134 S.Ct. 10,

15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841

(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief

only if the state court's adjudication of the merits of the federal claim

"resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the

Supreme Court of the United States." § 2254(d)(1); *see Burt*, 134 S.Ct. at

15 (standard for reviewing claims of legal error by state courts is "highly

deferential").   This standard "recognizes a foundational principle of our

federal system: State courts are adequate forums for the vindication of

federal rights."  *Id*.   This highly deferential standard carries special force in

habeas cases asserting ineffective assistance claims: "Especially where a

case involves such a common claim as ineffective assistance of counsel

under *Strickland*[2]—a claim state courts have now adjudicated in countless

criminal cases for nearly 30 years—'there is no intrinsic reason why the fact

---

[2]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. at 15-16 (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011)). "'If this standard is difficult to meet'—and it is---'that is because it was meant to be.'" *Id*. at 16 (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## IV. <u>Discussion</u>

### A. *Claim (1): Failure to Object to Recording*

Petitioner contends that Shippy was ineffective for failing to object to the State playing the poor-quality recording for the jury. Petitioner states

that prior to trial Shippy informed Petitioner of the CI's name and that he had a copy of the CI's recording of the drug buy.  Shippy told Petitioner "there wasn't much to hear due to the condition of the tape being very poor". Petitioner contends that the trial transcript reflects 24 "inaudible" notations by the court reporter.  ECF No. 11 at 15.

    The state court rejected this claim for the following reasons:

    As to the first ground, failure to object to the tape that apparently was mostly or almost wholly inaudible, I find there is no legal basis for Mr. Shippy to move to suppress that piece of evidence. Really that goes to legal argument. The defendant testified there was nothing on the tape that the defendant -- that identified the defendant as the person that the CI bought the drugs from. And the defense strategy was, as the defendant said . . . it wasn't me that sold the drugs period. So, first of all, it wasn't ineffective. If somehow some court were to determine that is ineffective, because I just cannot -- I cannot think of any legal basis to suppress a properly identified piece of evidence, moving it into trial. Certainly maybe fodder for some argument, but it's not ineffective. And the defendant has failed to establish any prejudice.

ECF No. 18-23 at 173-74.

    The state court rejected this claim on both the performance and prejudice prongs of *Strickland* based on the conclusion that there was no legal basis for Shippy to object to admission of the recording.  Where the state court has already considered an ineffective-assistance claim and determined that the claim was not meritorious because, based on state law, counsel was not deficient, or prejudice did not result from counsel's alleged

failures, federal habeas courts must accept the state court's determination. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'" (quotation and citation omitted)); *see also Panzavecchia v. Wainwright*, 658 F.2d 337, 340 (5th Cir. Unit B Oct. 1981) (stating that federal courts are compelled to defer to a state court's interpretation of its own criminal laws, rules of evidence, and rules of criminal procedure).

On this record, Petitioner has failed to show that the state court's ruling on this claim "was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt,* 134 S.Ct. at 15-16.

## B.   Claim (2): Failure to Move to Dismiss Charges

Petitioner argues that Shippy was ineffective for failing to move to dismiss the charges against him based on prosecutorial misconduct because the State agreed to pay the CI.  ECF No. 11.

In rejecting this claim on postconviction review, the state court held as follows:

> I cannot think of any valid reason, legal basis to file a motion to dismiss arguing that the CI was somehow compensated for his or her services. If anything, it goes to legal argument before the jury to impeach and establish bias of a witness, because the witness is

being paid. That was done by Mr. Shippy on Page 67 of the trial transcript, so it's not ineffective. Nor is any prejudice proven because the fact that the witness is -- the CI was being paid, had forty-six criminal convictions, et cetera; only goes to discredit her testimony before the jury and make her testimony potentially cause some doubt. Which obviously in this case, the jury convicted the defendant, so that did not work. So Ground 2 is denied.

ECF No. 18-23 at 174-75.

Again, the state court rejected this claim on both the performance and prejudice prongs of *Strickland.* The court reviewed the trial record and noted that Shippy attempted to impeach the CI and establish bias based on being paid. Petitioner failed to establish prejudice under *Strickland* because counsel did use the information to discredit the CI's testimony before the jury. Petitioner suggests that using a paid CI amounts to *per se* prosecutorial misconduct, but employing an informant is not fundamentally unfair under the Fifth Amendment's due process clause where the CI's payment and other matters bearing on credibility are aired before the jury. *See U.S. v. McGhee*, 553 Fed. Appx. 895, 900 (11th Cir. 2014) (unpublished). The fact that counsel's efforts were unsuccessful does not render counsel's performance deficient.

On this record, Petitioner has failed to show that the state court's ruling on this claim "was so lacking in justification that there was an error . .

. beyond any possibility for fairminded disagreement.'"  *Burt,* 134 S.Ct. at 15-16.

## C. *Claim (3): Failure to Move for Bill of Particulars*

Petitioner contends that counsel was ineffective for failing to file a motion for a bill of particulars to establish the correct date of the drug sale. ECF No. 11.  Although Petitioner raised this claim in his Rule 3.850 postconviction motion, he did not appeal the state court's denial of the claim.  Instead, he argued on appeal that counsel was ineffective for failure to move for a judgment of acquittal on the ground that the State failed to prove the offense was committed on the date charged in the information. ECF No. 18-24 at 10.

Respondent contends that this claim is unexhausted because Petitioner failed to appeal it.  ECF No. 18 at 22.   Under Florida law, where a movant's Rule 3.850 motion is denied after an evidentiary hearing, he must file an initial brief if he wishes to appeal the denial. Fla. R. App. P. 9.141(b)(3).  Florida law also establishes that claims for which an appellant does not present any argument, or presents only conclusory argument, are waived. *See, e.g., Gamble v. State*, 877 So.2d 706 (Fla. 2004).

The Court agrees that this claim is unexhausted and procedurally

defaulted because Petitioner could not now return to state court to assert it.

It is therefore foreclosed from federal review.

Even if this claim were properly exhausted, the Court concludes that

Petitioner is not entitled to habeas corpus relief.[2]  The state court held as

follows in rejecting this claim on postconviction review:

> Bill of particulars, again, the information charges December 4, 2007.
> There would be no legal reason to file a bill of particulars to the --
> directed to the State. Mr. Shippy did, on Pages 67 and 68, cross-
> examine witnesses to try to call into question their memory or
> accurateness of their memory; to maybe place some doubt in the
> jury's mind whether the CI was confused with who she actually
> bought drugs from on what date. So again, no legal basis to file one,
> so it's not ineffective. And the defendant has failed to establish
> prejudice.

ECF No. 18-23 at 175.

At trial, the CI twice stated that she believed Petitioner sold her crack

cocaine on "December 4th."  When Shippy asked whether it might have

been in the month of November, she responded "it very well could have

been.  I have worked the whole year with Wakulla County".  ECF No. 18-3

at 69-70.  Petitioner has shown no error in the state court's determination

that the State proceeded to trial with December 4 as the date of the

---

[2] Pursuant to 28 U.S.C. § 2254(b)(2), a habeas petition may be denied on the merits
notwithstanding Petitioner's failure to exhaust.

offenses, and that Shippy was not ineffective in his representation of

Petitioner with respect to the offense date.  Petitioner therefore has failed to

show that the state court's ruling on this claim "was so lacking in

justification that there was an error . . .  beyond any possibility for

fairminded disagreement.'"  *Burt,* 134 S.Ct. at 15-16.

## D.  *Claim (4):  Alleged Belated Disclosure of CI*

Petitioner contends that his trial counsel was ineffective for failing to

move for a *Richardson* hearing due to the State disclosing the CI's identity

only one month before trial. [3] The state court rejected this claim as follows:

> Richardson hearing, again not -- the defendant has failed to establish
> that there was any misconduct in failing to reveal the confidential
> informant's name. In an earlier portion, or earlier filing on a timeline of
> the case, the confidential informant's name was provided. And Mr.
> Shippy did not -- was not ineffective for not requesting a *Richardson*
> hearing.

ECF No. 18-23 at 176.

As Respondent argues, under Florida rules of evidence the

disclosure of a confidential informant's identity is not required unless the

informant is going to testify at a hearing or trial. *See* Fla. R. Crim. P.

---

[3] In his state postconviction motion, Petitioner's fourth ground also included claims that counsel should have filed a motion in limine to preclude the CI from testifying, based on the CI's criminal record and her alleged admission that she lied on the recording of the transaction.  He also argued that Shippy should have filed a motion for continuance in order to depose the CI.  ECF No. 18-23 at 142-48.  Petitioner has omitted these claims from his federal habeas petition, and therefore such claims are deemed waived.

3.220(g)(2).  At the evidentiary hearing on Petitioner's Rule 3.850 motion, Petitioner admitted that his attorney was negotiating a plea until close to the date of trial, and that the name of the CI was disclosed about a month before trial.  ECF No. 18-23 at 162-63.  Moreover, Petitioner conceded that Shippy knew the CI from prior cases and was already familiar with her background.  *Id.* at 148.

Petitioner has failed to establish that the timing of the disclosure was contrary to state law, such that counsel had any basis for contesting the timing of the disclosure by way of a motion for a *Richardson* hearing, or that he was prejudiced by counsel's failure to contest the timing of the disclosure.  On this record, Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim "was so lacking in justification that there was an error . . .  beyond any possibility for fairminded disagreement.'"  *Burt,* 134 S.Ct. at 15-16.

## E.  *Claim (5):  Failure to Request Simple-Possession Instruction*

Petitioner contends that his trial counsel rendered ineffective assistance by failing to request a jury instruction for simple possession of a controlled substance as a necessary lesser-included offense of possession of a controlled substance with intent to sell or deliver.  ECF No. 11.  In rejecting this claim on postconviction review, the trial court held:

Lesser-included offense, I don't know whether it was a less -- not a necessary lesser back when this case went to trial. But I find that that's a matter -- a legal issue. It's not supported by the facts of this case, and the defense does not comport with the defendant's trial strategy. It wouldn't make sense for Mr. Shippy to present a trial strategy of, they got the wrong guy; and then turn around, but if you believe they got the right guy, now we want a lesser-included offense. It wasn't supported by the facts, it wasn't ineffective.

ECF No. 18-23 at 176.

Petitioner acknowledged that the defense strategy was based on identification, not intent. As the state court found, a jury instruction on simple possession would have been inconsistent with the defense theory and was not supported by the facts of the case. For this reason Petitioner has failed to show that the state court's ruling on this claim "was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 S.Ct. at 15-16.

## F. *Claim (6): Failure to Object to Prosecutorial Misconduct*

Petitioner contends that his counsel rendered ineffective assistance by failing to object to the prosecutor's statements in closing argument. ECF No. 11. This claim stems from the following comments in the State's closing:

You heard her not only say that she knew him from the past, that she had heard him on the – on the telephone, that she met him that day. She identified him again today in court, this is the person, Cat Eyes. Why? Because he has unusually green eyes. It's fairly, I would argue,

obvious how he got that name. There's no mistake this is who we're talking about.

ECF No. 18-3 at 99-100.

At the evidentiary hearing on his postconviction motion, Petitioner conceded that CI identified him in open court as the person who sold her drugs and noted Petitioner's unusual green "Cat Eyes", which was also his nickname.  ECF No. 18-23 at 151-54.  The state court concluded that the prosecutor's remarks were not improper, and that counsel was not ineffective for the following reasons:

> No. 1, there is a jury instruction given to the jury that the lawyers' comments are not to be considered as evidence.  And that the jury is to be mindful of their memory of the evidence, and to rely on their memory of the evidence, not what the lawyers say.  Even considering that, and maybe even if the jurors didn't pay attention to that, the comments by the prosecutor were not improper.  And therefore, Mr. Shippy was not ineffective in failing to object to the comments; and the defendant has failed to prove prejudice.

ECF No. 18-23 at 176-77.

It is well-settled that improper jury argument by the prosecution violates a defendant's constitutional right to a fair trial in some circumstances.  *See, e.g., Cronnon v. State*, 587 F.2nd 246, 251 (5th Cir. 1978).   "[T]he appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'" *Davis v. Kemp*, 829 F.2d 1522, 1527 (11th

Cir. 1987). "'The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"   *Id*. at 1526-27 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)).

In this case, the prosecutor merely commented on the identification testimony that the jury heard directly from the CI.  Petitioner has shown no error in the state court's conclusion that the argument was not improper, and that counsel was not ineffective for failing to object to the argument. Petitioner has failed to show that the state court's ruling on this claim "was so lacking in justification that there was an error . . .  beyond any possibility for fairminded disagreement.'"   *Burt,* 134 S.Ct. at 15-16.

## G.  *Claim (7): Motion to Suppress Based on Chain of Custody*

Petitioner contends that his trial counsel was ineffective for failing to file a motion to suppress the crack cocaine that was admitted into evidence based on the prosecutor's alleged failure to establish a proper chain of custody.  Petitioner suggests that the State tampered with the evidence. ECF No. 11.  The state court rejected this claim on postconviction review because Petitioner failed to come forward with any evidence that there was a basis to challenge the chain of custody based on tampering.  ECF No. 18-23 at 177.

At trial, the State proved the chain of custody by testimony from Detective Buckley and a forensic scientist, Mr. Koppenhaver. Buckley testified that he retrieved the crack cocaine from the CI after it was purchased from Petitioner and placed it in a sealed evidence bag with a Sheriff's Office case number. The detective then placed the bag in a locked secured box for retrieval by the Florida Department of Law Enforcement (FDLE).  ECF No. 18-3 at 75-81.  Koppenhaver testified that the bag is retrieved and given an FDLE number.  Koppenhaver retrieved the bag from the FDLE evidence vault and tested the contents for illegal narcotics.  *Id.* at 81-85.

Petitioner conclusionally alleges that the chain of custody was "insufficient", but he points to nothing in the record that would support a conclusion that the state court erred in finding otherwise.  Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim "was so lacking in justification that there was an error . . .  beyond any possibility for fairminded disagreement.'"  *Burt,* 134 S.Ct. at 15-16.

## V.   Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 11, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 3rd day of April 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.